# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

ISAAC GRAY,                          )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )        C.A. No: CPU4-24-000758
                                     )
OUTRIGHT AUTO LLC,                   )
                                     )
        Defendant.                   )

Submitted: January 14, 2025
Decided: March 7, 2025

Isaac Gray
2201 N Pershing Dr. Apt. 514
Arlington, VA 22201
*Self-represented Plaintiff*

Brian T. Riggin
Parkway Law, LLC
3171 Dupont Parkway, Suite B
P.O. Box 1016
Townsend, DE 19734
*Attorney for Defendant*

## DECISION AFTER TRIAL

**Danberg, C.J.**

On March 20, 2024, Plaintiff Isaac Gray filed suit against Defendant Outright Auto LLC ("Outright Auto")[1] to recover damages stemming from Outright Auto's alleged failure to honor an express limited warranty set forth in the parties' auto sale agreement. A bench trial was held on January 14, 2025,[2] during which the Court heard testimony from three witnesses and received documents into evidence.[3] At the conclusion of trial, the Court reserved decision. This is the Court's Final Decision After Trial.

## FACTS

Based on the testimony presented and exhibits admitted into evidence, the Court finds the following relevant facts:

On November 2, 2023, Mr. Gray entered an agreement with Outright Auto (the "Agreement"), whereby Mr. Gray agreed to purchase a used 2014 BMW 7 Series sedan (the "BMW") from Outright Auto for $20,135.[4] The Agreement disclaimed all warranties, express or implied, except insofar as provided by the

---

[1] In the Complaint, Defendant was named as "Out Right Auto." However, the record reflects that Defendant's correct corporate designation is Outright Auto LLC; process was received by Outright Auto LLC at its place of business and Defendant identified itself as Outright Auto LLC in various filings. Pursuant to Rule 60(a), the name of Defendant in this Decision After Trial has been corrected to Outright Auto LLC. CCP. Civ. R. 60(a); *Bolden–Wilson v. Hertrich of Milford,* 2007 WL 2319783 at *2-3 (Del. Super. Aug. 2, 2007).

[2] Outright Auto filed a *pro se* Answer on April 12, 2024. At trial, counsel for Outright Auto adopted that Answer without objection from Mr. Gray.

[3] Mr. Gray and his wife, Naisha Gray, testified during Mr. Gray's case-in-chief, and Outright Auto co-owner Jonathan Ferrell testified for the defense. Plaintiff's Exhibits 1-6 and Defendant's Exhibits A-B were admitted into evidence.

[4] Def. Ex. A at 1.

"window form," a separate document incorporated by reference into the Agreement.[5] The BMW's window form did indeed provide a limited 3-month/3,000-mile "limited motor and transmission warranty," which covered the entire costs of "covered systems" parts that fail during the warranty period.[6] The "covered systems" were not explicitly delineated, but were limited to motor and transmission parts that failed within the covered period.[7] Importantly, coverage was limited to the costs of qualifying parts only—labor was explicitly excluded from the warranty.[8]

Upon purchasing the BMW, Mr. Gray began driving it to his home in Virginia. As he was crossing the Woodrow Wilson Memorial Bridge into Virginia, the vehicle began shaking and all the dashboard lights turned on. Mr. Gray pulled over and immediately called Outright Auto. Outright Auto asked Mr. Gray if he could return with the BMW, but Mr. Gray was concerned that it would be unsafe for him to travel the significant distance given that the vehicle was malfunctioning. So, Outright Auto asked Mr. Gray to follow up with them when he made it home or the following day.

---

[5] Def. Ex. A at 3. Specifically, the Agreement provided "Used Car Buyer Notice. If you are buying a used vehicle, the information you see on the window form for this Vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale."

[6] Def. Ex. A at 4.

[7] The "covered systems" were described, in relevant part, as "a limited motor & transmission warranty that will ensure peace of mind that the vehicle is in good running and driving order" and "in the event of a major motor or transmission failure, we will replace your motor or transmission with a part that we see best fit." *Id.*

[8] *Id.*

Mr. Gray did speak with Outright Auto again later that day and explained that the check engine and drive train malfunction lights were activated. Outright Auto suggested that Mr. Gray tow the vehicle back to Outright Auto for service, but Mr. Gray declined due to the expense. So, at Outright Auto's suggestion, Mr. Gray called back the following day to speak with its mechanic. According to Mr. Gray, the Outright Auto mechanic advised that Mr. Gray could take the BMW to a nearby BMW dealer to diagnose the issue.

Mr. Gray did take the BMW to nearby Passport BMW ("Passport"), where a BMW specialist performed a multi-point inspection of the BMW. An estimate from Passport printed November 20, 2023, for "Engine Repair" lists the total cost of such service as $5,370.06 (the "Passport Estimate"). Importantly, the bulk of the total was attributable to labor costs; the parts themselves totaled $299.06.[9] The Passport Estimate was submitted to Outright Auto via email on December 23, 2023.[10]

Between November 2, 2023, and December 27, 2023, there was an exchange of emails and phone calls between Mr. Gray and Mrs. Gray with Outright Auto. Eventually, Outright Auto stopped responding, having not issued any payment to Mr. Gray for repairs needed on the BMW.

---

[9] Def. Ex. B at 3; Pl. Ex. 3 at 5.
[10] Pl. Ex. 3.

4

## LEGAL STANDARD

In civil cases, the plaintiff has the burden of proving their claims by a preponderance of the evidence.[11] The preponderance of the evidence exists on the side on which the greater weight of evidence is found.[12] As the trier of fact, the Court is the sole judge of credibility of fact witnesses and submitted documents.[13] "If the Court finds the testimony to be contradictory, the Court may try to reconcile it, if reasonably possible, so as to make one harmonious story of it all."[14] If that is not possible, then the Court is free to accept the testimony that the Court determines is most credible and disregard any testimony the Court concludes is not credible.[15]

## DISCUSSION

To prevail on a claim for breach of express warranty, the burden is on the plaintiff to prove, by preponderance of the evidence: "(1) the existence of an express ... warranty, (2) a breach of the defendant's express ... warranty, (3) a causal connection between the defendant's breach and the plaintiff's injury or damage, and (4) the extent of loss proximately caused by the defendant's breach."[16] Further,

---

[11] *Government Employees Ins. Co. v. Murphy*, 2005 WL 3736039, at *2 (Del. CCP. Dec. 6, 2005)
[12] *Progressive Direct Ins. Co. v. Elmore*, 2024 WL 4441928, at *2 (Del. CCP. Oct. 8, 2024).
[13] *Id.*
[14] *Schueller v. Cordrey*, 2017 WL 3635570, at *5 (Del. Super. Aug. 23, 2017).
[15] *Id.*
[16] *Driscoll v. Automaxx*, 2016 WL 5107066, at *2 (Del. CCP. Apr. 27, 2016).

before a plaintiff may recover for breach of an express warranty, they must first prove compliance with any conditions precedent innate to the warranty.[17]

Mr. Gray's burden of proof as to the first element is easily met, for it is undisputed that an express warranty existed between the parties. Next, the Court must consider whether Mr. Gray proved that Outright Auto is in breach of that warranty. The warranty provides that "the dealer will pay 0% of the labor and 100% of the parts" for the "covered parts," i.e. engine and/or transmission parts. As such, the question is whether Mr. Gray demonstrated that Outright Auto failed to pay for motor and/or transmission parts that failed within the 3-month/3,000-mile warranty period.

The only thing compensable under the warranty is the cost of motor and/or transmission parts that failed within the proscribed period. At trial, Mr. Gray introduced a series of six invoices from Passport for repairs to the BMW. Pl. Ex. 2.[18] However, only two of those invoices fell within the 3-month/3,000-mile warranty window and, although they contained line-item expenses for parts, neither invoice specified that said parts were for the motor or transmission.[19] Mr. Gray failed

---

[17] *Id.*; *Staging Dimensions, Inc. v. KP Walsh Associates, Inc.*, 2020 WL 1428120 (Del. Com. Pl. March 19, 2020).
[18] Pl. Ex. 2.
[19] *Id.* at 203.

to provide any expert testimony to establish that the parts set forth in the invoices were motor or transmission parts.[20]

The only evidence of qualifying motor and/or transmission parts was the Passport Estimate—a document submitted into evidence by both parties—which itemized costs for "Engine Repair," including parts totaling $299.06.[21]  By all accounts, Outright Auto has not covered the cost of those parts.  Therefore, the Court finds that Mr. Gray has satisfied his burden of proving Outright Auto breached the warranty.  More specifically, the breach of warranty occurred on December 23, 2023, when Outright Auto was provided a copy of the Passport Estimate and failed to act.

The final two elements—a connection between the breach of warranty and the injury or damage, and the extent of loss proximately caused by the breach—are intertwined.  Certainly, Mr. Gray demonstrated that the breach of warranty was the proximate cause of damage to the covered systems (engine and transmission parts) within the covered period (3-month/3,000 miles) in the amount of $299.06.  However, Mr. Gray sought compensation for all invoiced repairs to the BMW as well as ride-share and food delivery expenses incurred while the BMW was inoperable.

---

[20] *See Mazda Motor Corp. v. Lindahl,* Del.Supr., 706 A.2d 526, 533 (1998)(holding that expert testimony is required where an issue is beyond the knowledge of a typical layman).
[21] Def. Ex. B; Pl. Ex. 3.

As discussed above, only two of the Passport invoices fell within the temporal parameters of the warranty, and Mr. Gray failed to demonstrate that the parts delineated in those invoices were for parts covered under the warranty (i.e., engine or transmission parts). The Court finds that Mr. Gray failed to meet his burden of proving a causal connection between the breach of warranty and the repair costs outlined in the Passport invoices. Similarly, Mr. Gray failed to establish a causal connection between Outright Auto's breach of the warranty and the ride-share expenses. He introduced receipts detailing such expenses, but the receipts are dated in October and November—before the breach of warranty occurred.[22]

Finally, the Court will consider whether Mr. Gray complied with any conditions precedent for the warranty to apply. Mr. Gray argued that he was in compliance with the terms of the warranty, and no evidence to the contrary was introduced at trial. Therefore, the Court finds that Mr. Gray complied with any conditions precedent to the warranty.

---

[22] Pl. Ex. 1.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 7th day of March, 2025, that judgment is entered in favor of Plaintiff Isaac Gray and against Defendant Outright Auto LLC in the amount of $299.06, plus costs and interest at the legal rate.

The Honorable Carl C. Danberg,
Chief Judge